IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVYN D. STONE<br>(# 0625900),<br><br>  Plaintiff,<br><br>V.<br><br>265TH JUDICIAL DISTRICT<br>COURTROOM, ET AL.,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-2437-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff Kevyn D. Stone's lawsuit without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

The Court docketed this action on July 23, 2015. The next day, the Court issued a notice of deficiency advising Plaintiff:

> You have filed your complaint on the form used for filing an action under 42 U.S.C. § 1983, to challenge the conditions of your confinement. From the Court's review of your allegations, however, it appears that you are challenging a past conviction, from October 2002, in Dallas County, Texas, Case No. F-0054878-KR, and you appear to be requesting that this conviction be overturned. If this is the relief you seek, you should file an

> application for a writ of habeas corpus. While the Court is sending you that form, you are CAUTIONED that you must first challenge this conviction in the state courts before it can be challenged in this Court. That is, a state prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A).
>
> Furthermore, the inmate trust account you have submitted in support of your motion to proceed without prepayment of fees is not verified (signed) by an official at your institution. You must resubmit your motion with a verified inmate trust account form.

Dkt. No. 5 at 1-2.

The Court ordered Plaintiff to cure these deficiencies no later than August 27, 2015 and cautioned Plaintiff that the "[f]ailure comply with this order will result in a recommendation that [this action] be dismissed for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b)." *Id.*

It is now more than one month since that deadline and more than two months since the Court issued its notice of deficiency and order, and Plaintiff has failed to comply with the order or otherwise contact the Court.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV.

P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the Court's notice of deficiency and order, Plaintiff has

-3-

prevented this action from proceeding and, therefore, has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies fully with the Court's previous order [Dkt. No. 5], the Court should refer this action back to the undersigned United States magistrate judge for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE